IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | 4:02-cr-00041-CWH-1 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Korsten Jarrold Zimmon | ) | |
| | ) | |

On July 2, 2002, the defendant, Korsten Jarrold Zimmon (the "defendant"), pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). On December 11, 2002, the defendant was sentenced to a term of imprisonment of 180 months. Judgment was entered on December 19, 2002. The defendant appealed, and the Fourth Circuit affirmed the judgment. United States v. Zimmon, 68 F. App'x 508 (4th Cir. 2003) (per curiam).

The defendant has filed a pro se motion asking that this Court appoint a federal public defender to him because he believes that the holdings of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), "have prompted a retroactive change in law that invalidates the Court's use of Petitioner's prior convictions to enhance Petitioner's sentence, rendering his current sentence in violations [sic] of due process." (ECF No. 94, at 1).

The Court finds the defendant's motion to be seeking only the appointment of counsel and not arguing the application of Simmons and Carachuri-Rosendo to his case. That being said, the Court will address whether the defendant has a right to counsel based upon either constitutional or statutory grounds. See, e.g., United States v. Garcia, 689 F.3d 362, 363-64 (5th

Cir. 2012); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (per curiam). Under the constitution, "the right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Therefore, "a petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction." United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) (citation omitted). Thus, the Court concludes that the defendant does not have a constitutional right to counsel.

Next, pursuant to the Criminal Justice Act (the "CJA") the Court may appoint counsel to a financially eligible person if justice so requires. See 18 U.S.C. § 3006A(a). The defendant's petition does not state that he seeks representation due to his financial status, nor does he argue that this matter is unduly complex so as to require the appointment of counsel. Accordingly, the Court holds that the interests of justice do not require the appointment of counsel.

In conclusion, there is no recognized constitutional or statutory basis for the appointment of counsel in this case. Therefore, the defendant's motion (ECF No. 94) is denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

November 7, 2013
Charleston, South Carolina